```
UNITED STATES DISTRICT COURT         USDC SDNY
SOUTHERN DISTRICT OF NEW YORK        DOCUMENT
-----------------------------------x ELECTRONICALLY FILED
                                     DOC #:
MICHAEL KORS, L.L.C.,                DATE FILED: 9/25/2017

                    Plaintiff,

        - against -                  15-CV-05856 (TPG) (SN)

                                     **OPINION**

MID CENTER EQUITIES ASSOCIATES,
L.L.C., MOHAMMED ULLAH and JOHN
DOE and/or JANE DOE,

                    Defendants.
-----------------------------------x
```

Plaintiff Michael Kors, L.L.C., moves for default judgment against defendant Mohammed Ullah based on the complaint filed on July 27, 2015. For the reasons stated below, the court grants plaintiff's motion for default judgment and awards plaintiff $1,000,000 in statutory damages.

**BACKGROUND**

Plaintiff Michael Kors, L.L.C. filed a complaint on July 27, 2015 alleging that defendants Mid Center Equities Associates, L.L.C. ("Mid Center"), Mohammed Ullah, and John or Jane Doe violated federal and state trademark laws. ECF No. 41, Ex. A, at 1-2. In the complaint, plaintiff alleged that defendants operated a store selling counterfeit goods at 314 Canal Street, New York, NY. ECF No. 41, Ex. A, at 4. On October 26, 2015, defendant Mid Center filed a motion to dismiss the complaint, and subsequently entered into a settlement agreement with plaintiff. ECF No. 29, at 1. Based to this settlement, on February

1

13, 2017, the court entered an order of voluntary dismissal as to Mid Center. ECF No. 29. This opinion relates to the second defendant, Ullah.

On September 18, 2015, defendant Ullah filed an answer denying all of the plaintiff's allegations in the complaint. ECF No. 17. Since that time, defendant has made no further appearances, nor has he addressed any of plaintiff's claims. On April 11, 2017, plaintiff filed a motion seeking a conference to discuss outstanding discovery matters, ECF No. 30, and this motion was granted on April 24, 2017 by Magistrate Judge Sarah Netburn, to whom this court referred the case, ECF No. 33. The conference was held on April 26, 2017, and during the conference, defense counsel submitted an oral motion to withdraw as Ullah's attorney. ECF No. 34, at 2. Defense counsel asserted that he had not been able to reach his client for several months. ECF No. 34, at 2. The telephone number was out of service and the business was closed. ECF No. 34, at 2. Further, a former client confirmed that Ullah had left the country without a forwarding address. ECF No. 34, at 2. Judge Netburn granted the motion to withdraw. ECF No. 34, at 2.

Shortly thereafter, on June 19, 2017, plaintiff requested entry of default against Ullah, ECF No. 36, and the Clerk of Court entered default against him on June 19, 2017, ECF No. 38. Plaintiff now seeks default judgment against Ullah, seeking $4,000,000 plus attorneys' fees and costs. ECF No. 41, at 3; ECF No. 42, at 4. Plaintiff bases this request for damages on defendant's use of counterfeit marks on four types of goods: medallions, handbags, watches, and wallets. ECF No. 41, at 3.

## DISCUSSION

### A. Entry of Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Fed. R. Civ. P. 55. It establishes a two-part process for obtaining default judgment—first, obtaining a default, and second, seeking a default judgment. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).

Rule 55(a) allows the clerk of the court to enter default against a party who has "failed to plead or otherwise defend" an action. The party applying for a certificate of default pursuant to Rule 55(a) must submit an affidavit showing "(1) that the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) that the party has failed to plead or otherwise defend the action; and (3) that the pleading to which no response has been made was properly served." S.D.N.Y & E.D.N.Y. L. R. Civ. P. 55.1. In the present case, the Clerk of Court entered default against Ullah on June 19, 2017 based on defendant's failure to plead or defend the action. ECF No. 38.

Entry of default is not, however, an admission of damages, which must be established in a separate proceeding. *See Mickalis*, 645 F.3d at 128. Once a party obtains a default, the plaintiff can seek default judgment under Rule 55(b)(1) or (b)(2). Rule 55(b)(1) allows the clerk of court to enter a default judgment in specific instances, i.e., where "the plaintiff's claim is for a sum certain" and the defendant has not appeared, is not a minor, and is not incompetent. In all other cases, the party must file for default judgment with the court under Rule 55(b)(2).

3

When determining whether to grant a motion for default judgment, the court considers several factors including whether the default was willful, whether the plaintiffs would be prejudiced by denial of the motion, and whether there are any meritorious defenses to plaintiff's claims. *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001). Entry of default judgment "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled." *Mickalis*, 645 F.3d at 128. Default judgments are generally disfavored, however, and thus the court resolves doubts in favor of the defaulting party. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

The court, considering the above factors, enters default judgment against defendant. Defense counsel submitted a motion to withdraw because he had not communicated with defendant for "many months," neither the address nor the phone number worked, and he confirmed with a former client that Ullah had left the country without a forwarding address. *See* ECF No. 34, at 2. Further, Ullah has not provided any meritorious defenses—its answer merely denied all of plaintiff's allegations. ECF No. 17. Thus, the court finds it appropriate to enter default judgment against defendant.

**B.   Damages**

Plaintiff seeks statutory damages under the Lanham Act, 15 U.S.C. § 1117(c) (2012), which allows plaintiff to elect statutory damages rather than actual damages for cases involving use of counterfeit marks. The Act provides that in cases where a party uses a counterfeit mark in connection with the "sale,

offering for sale, or distribution of goods or services," the plaintiff can receive statutory damages of between $1,000 and $200,000 per counterfeit mark per type of good. *Id.* § 1117(c)(1). Further, if the court finds that the defendant's use of the counterfeit mark was willful, the court may award up to $2,000,000 per counterfeit mark per type of good. *Id.* § 1117(c)(2).

A court may consider a defendant in default a "willful infringer." *Gucci Am., Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 122 (S.D.N.Y. 2008) (quoting *Malletier v. WhenU.com, Inc.*, No. 05 Civ. 1325 (LAK), 2007 WL 257717, at *4 (S.D.N.Y. Jan. 26, 2007)); *see also GMA Accessories, Inc. v. Solnicki*, No. 07 Civ. 3219 (PKC), 2011 WL 4790615, at *2 (S.D.N.Y. May 23, 2011). If a party is in default, the court must also take all allegations in the complaint, other than those related to damages, as true. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). If the court determines that, in light of default and taking all allegations as true, a defendant has willfully infringed a trademark, the court may grant up to $2,000,000 in damages.

The court has broad discretion in determining the amount of damages within the statutory range. *GMA Accessories*, 2011 WL 4790615, at *1. The text of the Lanham Act itself "does not provide precise guidance as to calculating statutory damages." *Id.* It merely states that the court must award damages that are "just." 15 U.S.C. § 1117(c)(2) (2012). Thus, courts often refer to the Copyright Act, 17 U.S.C. § 504(c) (2012), and case law based on that Act, for guidance. *See All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 622 (S.D.N.Y.

5

2011); *Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999).

Similar to the Lanham Act, the Copyright Act provides for statutory damages against willful infringers, and cases interpreting the Copyright Act have found that where a defendant has acted willfully, the statutory damages should incorporate both compensatory and punitive components. *See All-Star*, 775 F. Supp. 2d at 622; *Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009). Further, in determining the amount of damages, courts have looked to factors such as expenses, revenues, the value of the trademark, the deterrent effect, willfulness, cooperation by the defendant, and whether damages would discourage the defendant. *Chanel, Inc. v. Gardner*, No. 07 Civ. 6679 (GBD) (MHD), 2011 WL 204911, at *2 (S.D.N.Y. Jan. 21, 2011); *Kenneth Jay Lane, Inc. v. Heavenly Apparel, Inc.*, No. 03 CV 2132 GB D KNF, 2006 WL 728407, at *6 (S.D.N.Y. Mar. 21, 2006).

In light of defendant's default, assessing all of plaintiff's allegations in the complaint, the court finds that defendant Ullah is a willful infringer. Thus, plaintiff is entitled to statutory damages of between $1,000 and $2,000,000 pursuant to the Lanham Act. 15 U.S.C. § 1117(c) (2012). The court assesses damages based on the allegations in plaintiff's Complaint, ECF No. 1, and Motion for Default Judgment, ECF No. 40.

Plaintiff has requested statutory damages of at least $1,000,000 per counterfeit mark—a total of $4,000,000 in statutory damages. ECF No. 41, at 3. The court finds that plaintiff's request for $1,000,000 per mark is excessive.

While plaintiff has provided trademark registration information, ECF No. 41, Ex. A, at 5-7, plaintiff has not provided information as to defendant's profits or plaintiff's losses. Where there is no such concrete information, most judges issue damages "far below" the statutory maximum of $2,000,000 per mark. *All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 624 (S.D.N.Y. 2011). Exercising its broad discretion, this court concludes that plaintiff should be awarded $250,000 in statutory damages per mark, totaling $1,000,000 in damages for the four marks. The court finds that this award is sufficient to both deter defendant and compensate plaintiff.

## C. Attorneys' Fees

In exceptional circumstances, the court may also award reasonable attorneys' fees and costs of litigation under the Lanham Act. 15 U.S.C. § 1117(a). Willful infringement is considered one such exceptional circumstance. *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003); *Chanel, Inc. v. Gardner*, No. 07 Civ. 6679 (GBD) (MHD), 2011 WL 204911, at *2 (S.D.N.Y. Jan. 21, 2011). Here, because defendant's infringement was willful, the court concludes that plaintiff should be awarded reasonable attorneys' fees and costs. Because plaintiff has not specified a dollar amount, however, this court finds that in order to proceed the plaintiff must, within sixty (60) days of this opinion, submit a request for specific attorneys' fees and costs. Plaintiff must include with this application supporting records and documentation.

## CONCLUSION

For the reasons given above, plaintiff's motion for default judgment is granted, and plaintiff is awarded $1,000,000 in statutory damages. Plaintiff is ordered to submit an application for specific attorneys' fees and costs within sixty (60) days of issuance of this opinion. This opinion resolves Docket Number 40 in this case.

SO ORDERED

Dated: New York, New York
September 25, 2017

*[signature]*

Thomas P. Griesa
U.S. District Judge